### CRUIKSHANK et al. v. BIDWELL.

(Circuit Court, S. D. New York. March 30, 1898.)

CUSTOMS LAWS—EXCLUSION OF INFERIOR TEAS—CONSTITUTIONAL LAW.
The provision in the present tariff law, excluding from this country teas of inferior quality, and leaving the final determination of the question in respect thereto to the customs officers, is a valid exercise of the legislative power.

This was a suit by William J. Cruikshank and others for an injunction against George R. Bidwell, collector of the port of New York, to restrain his action in respect to the importation of certain teas.

John S. Davenport, for the motion.
Arthur M. King, Asst. U. S. Atty., opposed.

LACOMBE, Circuit Judge. The act which plaintiff criticises in this case is apparently framed, as are the exclusion acts, in conformity with prevailing theories, to leave the decision of disputable questions with an administrative officer rather than with the courts. Such a system is, of course, open to abuse, but it is not, necessarily, in all cases unconstitutional. No citizen of the United States has a vested right to import teas, if congress, under its power to regulate commerce, prohibits their importation. And if that body chooses to admit only those teas which may be approved by such administrative officer as it selects, the legislation is similar to that which gives to an administrative officer the power to determine finally whether an alien has or has not sufficient property to be allowed to enter. In view of the decisions of the United States supreme court in Lem Moon Sing v. U. S., 158 U. S. 538, 15 Sup. Ct. 967, and a line of similar cases, such legislation seems not to be obnoxious to the objection that it is unconstitutional. Motion denied.